UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW D. RENNER,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, FPC YANKTON, SD<br><br>Respondent. | 4:25-CV-04046-CBK<br><br>MEMORORANDUM OPINION<br>AND ORDER |

Petitioner, a prisoner at the Bureau of Prison's ("BOP") Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that the BOP's decision to not release him to a Residential Reentry Center ("RRC") violates the First Step Act.

On December 21, 2018, Congress enacted the First Step Act of 2018. Pub. L. 115-391. Pub. L. 115-391, Sec. 102, 132 Stat. 5208. That Act reauthorized the Second Chance Act of 2007, Pub. L. 110-199 (April 9, 2008), codified at 34 U.S.C. § 60501, *et seq.*, and, *inter alia*, provided additional incentives to earn release to reentry programs. Together, those Acts authorize the BOP to release eligible prisoners to residential reentry centers before the expiration of their federal sentence. Both Acts are part of Congress' desire to reduce recidivism by providing transitional services to facilitate reentry into the community. 34 U.S.C. § 60501(a)(5)(6).

Petitioner is not seeking release from custody, but placement outside the prison walls. Designation of a place of imprisonment by the BOP is not reviewable by any court. 18 U.S.C.A. § 3621(b). Further, whether incarcerated in a prison or jail, in a residential reentry center, or placed on home confinement, the placement decision is left solely to the BOP, not the district court. See United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021). "As we stated in, "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas

corpus is not the proper remedy." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir.1996). *Accord*, Spencer v. Haynes, 774 F.3d 467, 469 (8th Cir. 2014). Petitioner is not challenging the length of his sentence but instead the place of his confinement. This Court lacks federal habeas jurisdiction to consider petitioner's claim.

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is denied and this case is dismissed.

DATED this 27th day of March, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge